# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LESLEY MADRID,**<br>         Plaintiff**,**<br><br>    vs.<br><br>**LOWE'S HOME CENTERS, LLC,**<br>         Defendant**.** | CASE NO. 18-cv-01398-YGR<br><br>**ORDER TO SHOW CAUSE RE: SANCTIONS FOR FAILURE TO COMPLY WITH STANDING ORDER** |

This Court's Standing Order In Civil Cases requires that, at case management conferences, "each party shall be represented at case management conferences by lead trial counsel or counsel with authority to enter into stipulations and make admissions pursuant to Fed. R. Civ. P. 16(a) and (c), as well as fully prepared to address all of the matters in the CAND CMC Order and Civil L.R. 16-10(b)." (Standing Order in Civil Cases, ¶ 6.) The Standing Order further provides that:

> Failure to do so shall be considered grounds for sanctions. Because of the substantive discussions that occur during case management conferences, telephonic appearances are disfavored. The Court will grant requests to appear by telephone only upon a compelling showing of good cause. The routine inconveniences of travel do not constitute good cause.

An initial case management conference in this matter was scheduled for May 7, 2018. Counsel for plaintiff Lesley Madrid, Abraham Dervishian, did not appear, while counsel for the defense did appear. Consequently, the conference was not as productive as it could have been. The defense incurred $1,670.75 in fees and expenses. (Dkt. No. 19.) Therefore, plaintiff and his counsel Abraham Dervishian are **ORDERED TO SHOW CAUSE** as to why they should not be sanctioned in the amount of $750 for failure to comply with this Court's Standing Order.

\\

1    A hearing on this Order to Show Cause will be held on **Friday, May 25, 2018,** on the
2    Court's **9:01a.m.** calendar, in the Federal Courthouse, 1301 Clay Street, Oakland, California, in
3    Courtroom 1.

4    By no later than **Monday, May 21, 2018**, plaintiff must file a written response to this
5    Order to Show Cause or confirm that payment of $750 has been made to the defense. If the Court
6    is satisfied with the response, it may vacate the hearing on the Order to Show Cause. Otherwise,
7    lead trial counsel must personally appear at the hearing. Neither a special appearance nor a
8    telephonic appearance will be permitted. Failure to file a written response or to appear personally
9    will be deemed an admission that no good cause exists and that the imposition of monetary
10   sanctions is appropriate.

11   **IT IS SO ORDERED.**

13   Dated: May 15, 2018

       _____
       **YVONNE GONZALEZ ROGERS**
       **UNITED STATES DISTRICT COURT JUDGE**