CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
DIANA M. RIVERA, ESQ.; STATE BAR NO.: 222025

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd, Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: cmay@tharpe-howell.com
sforman@tharpe-howell.com
drivera@tharpe-howell.com

Attorneys for Defendants,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH

| | |
|---|---|
| LESLEY MADRID,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC and DOES 1 through 50, Inclusive,<br><br>　　　　　Defendants. | Case No.: 18-cv-01398-YGR<br><br>(Contra Costa County Superior Court Case No.: CIVMSC17-02289)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>\*As Modified by the Court\* |

1. A. <u>PURPOSE</u>

Plaintiff LESLEY MADRID ("Plaintiff") and Defendant LOWE'S HOME CENTERS, LLC ("Lowe's" or "Defendant") jointly submit this Stipulated Protective Order pursuant to Federal Rules of Civil Procedure, Rule 26(c)(1) limiting the use and disposition of certain information and documents during litigation of this matter. The parties agree that discovery in this action may yield documents and information of a sensitive and confidential nature, including but not limited to, Defendant's proprietary policies and procedures, personnel files of present and former employees, and other confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public

**STIPULATED PROTECTIVE ORDER**

generally (the "Confidential Documents").

As a result, the parties have agreed to this jointly submitted Stipulated Protective Order and request that it be adopted by order of this Court.

B. <u>GOOD CAUSE STATEMENT</u>

Federal Rules of Civil Procedure, Rule 26(c)(1) states in pertinent part, that the Court, upon a showing of good cause may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." <u>Fed.R.Civ.P. 26(c)(1)</u>. In the instant matter, Defendant's Confidential Documents contain proprietary and confidential trade secret information relating to defendant's business practices and its safety protocol. Defendant derives independent economic value from maintaining the confidentiality of the policies and procedures set forth in these Confidential Documents.

Defendant is a retailer in the home improvement industry and has conducted business in California since 1998. The home improvement retail industry is very competitive. As a result of years of investing time and money in research and investigation, Defendant developed the policies contained in the Confidential Documents for the purposes of maintaining the security and accessibility of its merchandise, providing quality customer service, and ensuring the safety of its employees and customers. These policies and procedures, as memorialized in the Confidential Documents, were created and generated by Lowe's for Lowe's, and are used for the purposes of maintaining safety at its stores and creating efficient and organized work environments for its employees. As a result, defendant is able to minimize the waste of any resources, which is a key factor in generating profitability for its business.

Defendant derives economic value from maintaining the secrecy of its Confidential Documents. If disclosed to the public, the trade secret information contained in defendant's Confidential Documents would reveal defendant's internal operations and could potentially be used by competitors as a means to compete for

**STIPULATED PROTECTIVE ORDER**

its customers, interfere with its business plans and thereby gain unfair business advantages. If defendant's safety protocol were revealed to the general public, it would hinder defendant's ability to effectively resolve and minimize liability claims, and its goal of protecting its customers and employees from theft and other crimes. Unrestricted or unprotected disclosure of such information would result in prejudice or harm to Defendant by revealing Lowe's competitive confidential information, which has been developed at the expense of Lowe's and which represents valuable tangible and intangible assets. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

2. DEFINITIONS

2.1 Action: this pending federal law suit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their

**STIPULATED PROTECTIVE ORDER**

Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise

- 5 -
**STIPULATED PROTECTIVE ORDER**

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend

**STIPULATED PROTECTIVE ORDER**

"CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Once a belated designation has been made, the material shall be treated as "CONFIDENTIAL" in accordance with this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. **and the Court's Standing Order in Civil Cases.**

6.3 <u>Frivolous Challenges</u>. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a

- 7 -
**STIPULATED PROTECTIVE ORDER**

Receiving Party must comply with the provisions of Section 11 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to

- 8 -
**STIPULATED PROTECTIVE ORDER**

Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Inadvertent failure to designate documents or information as "CONFIDENTIAL" at the time of production or disclosure shall not constitute a waiver of any party's right to later designate them "CONFIDENTIAL." Once a belated designation has been made, the relevant documents shall be treated as "CONFIDENTIAL" in accordance with this Order.

10. <u>MISCELLANEOUS</u>

10.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any

- 9 -
**STIPULATED PROTECTIVE ORDER**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3 Filing Protected Material. Without written permission from the Designating Party or a Court order, a party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

11. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**STIPULATED PROTECTIVE ORDER**

12. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED.**

Dated:                                                THARPE & HOWELL, LLP

By: _____
    CHARLES D. MAY
    STEPHANIE FORMAN
    DIANA M. RIVERA
    Attorneys for Defendant,
    LOWE'S HOME CENTERS. LLC

Dated:                                                D & Z LAW GROUP, LLP

By: _____
    ERIK ZOGRABIAN
    ABRAHAM DERVISHIAN
    Attorneys for Plaintiff,
    LESLEY MADRID

**IT IS SO ORDERED.**

DATED: August 3, 2018

*/s/ Yvonne Gonzalez Rogers*

Honorable Yvonne Gonzalez Rogers

United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of Lesley Madrid v. Lowe's Home Centers, LLC., Case No. 18-cv-01398-YGR. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER**